FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT SCOTT INGRAM,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES KEYES,<br><br>        Defendant. | 2:19-cv-00124-SAB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

Before the Court is Plaintiff's First Amended Complaint. ECF No. 15. Plaintiff, a *pro se* prisoner at the Washington State Penitentiary in Walla Walla, Washington, was previously ordered to amend or voluntarily dismiss his Complaint. ECF No. 13.

Generally, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981))*,* overruled in part by *Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

Furthermore, Defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

1992). Consequently, Defendant James Key has been terminated and James Keyes added.

**FIRST AMENDED COMPLAINT**

Plaintiff asserts a due process claim based on his termination from a prison job in May 2017 and from Correctional Industries in January 2019, due to disciplinary infractions. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Toussaint v. McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*, 515 U.S. 472 (1995). The fact that Plaintiff received a custody demotion and was ineligible to earn ten days of earned time credits did not deprive him of life or property. Therefore, there must be a constitutionally protected liberty interest to maintain a due process claim.

Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. *Id.* at 487.

There is no federal constitutional liberty or property interest in prison employment. *See Bauman v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir.1985). Furthermore, a custody demotion does not implicate a liberty interest arising under the Constitution because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *Id.* at 224. Plaintiff alleges no facts demonstrating that his custody demotion imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

Plaintiff's inability to earn the maximum amount of earned time credits also does not implicate a liberty interest arising under the Constitution because earned time credits are not protected independently by the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In Washington, a prisoner has no state-created liberty interest in earned time credits that have not yet been awarded. *In re Galvez*, 79 Wash.App. 655, 657, 904 P.2d 790, 791 (1995), *citing Wolff*, 418 U.S. 539. Therefore, Plaintiff's complaint regarding the alleged "loss" of ten days earned time that he was not eligible to earn fails to state a due process claim.

Plaintiff's contention that, because he was terminated from Correctional Industries in January 2019, he will not have the assistance of an employment specialist to find a job in the community is insufficient to invoke procedural due process protections under *Sandin. Id.*, 515 U.S. at 487. His due process claim regarding eleven days in administrative segregation must also fail. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A]dministrative segregation falls within the terms of confinement ordinarily contemplated by a sentence.").

Plaintiff also seems to challenge on Fourth Amendment grounds the seizure of evidence in January 2019 used to impose a disciplinary sanction of ten days loss of good conduct time. He wants this infraction expunged from his record. Once again, an action under 42 U.S.C. § 1983 is not the appropriate vehicle to challenge prison disciplinary proceedings resulting in the loss of good time credits. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997).

## DISMISSAL

The Court had cautioned Plaintiff that if he chose to amend his complaint and the Court found that the amended complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted, the amended complaint would be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Having liberally construed the First Amended Complaint in the light most favorable to

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

Plaintiff, the Court finds that he has failed to state a claim against Defendant Keyes upon which relief may be granted.

Accordingly, **IT IS ORDERED** the First Amended Complaint, ECF No. 15, is **DISMISSED in part with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but without prejudice to Plaintiff challenging the good conduct time sanction in an appropriate state or federal habeas proceeding. **IT IS FURTHER OREDERED** that all pending motions and requests are **DENIED AS MOOT**.

Under *Washington v. L.A. Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g). The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **close the file.**

**DATED** this 17th day of October 2019.



_____
Stanley A. Bastian
United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 4